REGAN, Judge.
Plaintiff, Daisy Lucien, instituted this suit against the defendants, Rosa Lawson, and her liability insurer, the Great American Indemnity Company of New York, endeavoring to recover damages and medical expenses resulting from injuries she received on July 23, 1953, when she was caused to fall down a stairway by virtue of the existence therein of defective steps.
The defendant insurer answered and insisted that its policy of insurance covering this property had automatically been can-celled[1] several months before the accident. It also asserted that the negligence of plaintiff was the sole cause of the accident and, in the alternative, it pleaded the contributory negligence of the plaintiff.
Defendant, Rosa Lawson, answered and also averred that the accident occurred by virtue of the sole negligence of the plaintiff, and in the alternative, she pleaded the contributory negligence of the plaintiff.
From a judgment in favor of the defendants dismissing plaintiff’s suit, she has prosecuted this appeal
The facts are relatively simple, although the record is embellished with disputations ad infinitum, and we feel compelled to remark at the inception of this opinion that we were completely fascinated by the novel-like tenor thereof.
The record reveals that on the date of the accident, plaintiff occupied a second-story apartment, which she had leased from the defendant owner. The only means of entering this apartment was through the medium of a flight of stairs. The steps, constructed of rough wooden planking, were bounded on either side by bannisters; the porch or balcony was similarly enclosed.
Plaintiff related that at approximately 7 p. m. on July 23, 1953 [2], she left her apartment in order to carry a pail of water downstairs, where she intended to empty it. When she reached that part of the porch where it entered into the stairway, she placed her left foot on the flooring thereof, which extended partially over the top of the highest step, and it gave way under her. In an effort to regain her balance, her right foot was placed on the outer edge of the top step which also broke off, causing her to fall and incur the injuries, which form the subject matter of this litigation.
No one witnessed the accident; however, plaintiff related that within a matter of minutes, Mary Price, a neighbor, and Eliza Ward, a friend who was visiting her, helped her upstairs, put her in bed, and then called a doctor.
*298 Plaintiff was cross-examined closely as to whether she had been drinking alcoholic beverages prior to the accident and emphatically denied that she had consumed anything of that kind. This was substantiated by Ward, who stated he had been with plaintiff in her apartment since 4 p. m. that afternoon.
Defendant, Rosa Lawson, testified that while she did not see the accident, she noticed plaintiff between 4 and 5 p. m. that same day as she returned from a nearby liquor store. She said that as plaintiff turned into the alleyway which leads to her apartment, she started drinking from a bottle and continued to do so as she walked up the stairway.
The plaintiff’s witness, Mary Price, and defendant’s witness, Otha Hayes, both stated that the plaintiff did imbibe in alcoholic beverages and her consumption thereof was not unusual. Hayes further stated that he inspected the stairway the day after the accident occurred and discovered no evidence of freshly cracked wood thereon.[3]
The foregoing résumé of the testimony reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously concluded that the plaintiff had failed to prove her case with that certainty required by law and, therefore, dismissed her suit.
The question which this appeal has posed for our consideration is whether that finding of the trial judge, which was predicated on a record embellished with disputations ad infinitum, is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the very fascinating testimony or by endeavoring to reconcile the disputations of the respective litigants.
Suffice it to say the trial judge obviously entertained the opinion that the plaintiff had failed to successfully carry the burden of proving her case with that certainty required by law, and our analysis of the record fails to disclose any error in this conclusion.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Defendant insurer issued a policy of insurance to Sarah Porter Fischer, owner of the premises at 2012% Washington Avenue, effective from August 18, 3952 to August 18, 1953. On February 27, 1953, Sarah Fischer died. The insurance policy contained the following provision: “Death of the named insured terminates this policy unless without sixty days after such death written notice is given to the company designating a named insured.” Admittedly, this provision was not complied with by the decedent’s heir; therefore, upon this basis, defendant asserts the policy became inoperative sixty days after the named insured died.

. The litigants agree that it was still day-fight.

. Three photographs of the stairway, which were taken one or two days after the accident, were introduced in evidence and they reflect pieces of rotten wood suspiciously scattered about several treads of the stairway.